**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**ANDERSON/GREENWOOD DIVISION**

| | |
|---|---|
| Vincent Edward Kennedy, ) | Criminal Action No. 8:12-cr-00949-JMC-20 |
| ) | |
| Petitioner, ) | Civil Action No. 8:15-cv-02210-JMC |
| v. ) | |
| ) | **ORDER AND OPINION** |
| United States of America, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

 This matter is before the court on Petitioner Vincent Edward Kennedy's ("Petitioner") Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("Motion to Vacate") Pursuant to 28 U.S.C. § 2255. (ECF No. 1301.) Petitioner filed a Reply to the Government's Non-Response (ECF No. 1364) to which the Government filed a Response in Opposition (ECF No. 1372) and a Motion for Summary Judgment (ECF No. 1373). Thereafter, Petitioner filed an additional Response (ECF No. 1379). For the following reasons, the court **DENIES** Petitioner's Motion to Vacate (ECF No. 1301) and **GRANTS** the Government's Motion for Summary Judgment (ECF No. 1373).

**I. JURISDICTION**

 This court has jurisdiction over this matter pursuant to 28 U.S.C. § 2255, which states that a federal district court has jurisdiction to entertain a § 2255 petition when the petitioner is in custody under the sentence of a federal court.

**II. RELEVANT BACKGROUND TO THE PENDING MOTION**

 On August 14, 2013, a federal grand jury returned a Fourth Superseding Indictment, charging Petitioner in Count 1 with conspiracy to possess and distribute five kilograms or more in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846; and in Count 2 with conducting an

1

unlicensed money transmitting business in violation of 18 U.S.C. §§ 1960(a),(b)(1)(C), and 2. (See ECF Nos. 611, 639.)  On September 13, 2013, the Government filed an Information notifying Petitioner that based on his prior drug conviction, he was subject to an increased statutory minimum penalty of 20 years to life.  (See ECF Nos. 679, 986 ¶ 24.)  On January 13, 2014, pursuant to a written plea agreement, Petitioner pleaded guilty to Count 1 and 2.  (See ECF Nos. 819, 845.)  On June 26, 2014, Petitioner was sentenced to 180 months imprisonment as to Count 1 and 60 months imprisonment as to Count 2 – to be run concurrently.  (ECF No. 1128.)

Petitioner did not file a direct appeal.  On March 9, 2015, Petitioner, through his counsel, filed a Motion for Sentence Reduction.  (See ECF No. 1268.)  On June 1, 2015, Petitioner filed the instant Motion to Vacate.  (ECF No. 1301.)  On June 29, 2015, the court issued an Order granting Petitioner's Motion for Sentence Reduction and reduced his sentence to 145 months imprisonment on Count 1.  (See ECF No. 1329.)  On August 7, 2015, the Government filed a Response in Opposition (ECF No. 1372) to Petitioner's Motion to Vacate and a Motion for Summary Judgment (ECF No. 1373).  On August 20, 2015, Petitioner filed an additional Response.  (ECF No. 1379.)

### III.  LEGAL STANDARD

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A fact is "material" if proof of its existence or non-existence would affect the disposition of the case under the applicable law.  Anderson v. Liberty Lobby Inc., 477 U.S. 242, 248–49 (1986).  In ruling on a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party.  Perini Corp. v. Perini Constr., Inc., 915 F.2d 121, 123–24 (4th Cir. 1990).  The non-moving party may not oppose a motion for summary

2

judgment with mere allegations or denial of the movant's pleading, but instead must "set forth specific facts" demonstrating a genuine issue for trial. Fed. R. Civ. P. 56(e); see Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986); Shealy v. Winston, 929 F.2d 1009, 1012 (4th Cir. 1991). "Mere unsupported speculation . . . is not enough to defeat a summary judgment motion." Ennis v. Nat'l Ass'n of Bus. & Educ. Radio, Inc., 53 F.3d 55, 62 (4th Cir. 1995).

A prisoner in federal custody under sentence of a federal court may petition the court that imposed the sentence to vacate, set aside or correct the sentence. See 28 U.S.C. § 2255. The prisoner may be entitled to relief upon a showing: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; and (4) that the sentence is otherwise subject to collateral attack. Id. Additionally, a claim of ineffective assistance of counsel may properly be raised in a § 2255 motion. See United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999) (citation omitted).

To succeed on a claim of ineffective assistance of counsel, a petitioner must show that counsel's performance fell below an objective standard of reasonableness and that counsel's deficient performance was prejudicial. See United States v. Brown, 292 F. App'x 250, 251–52 (4th Cir. 2008) (citing Strickland v. Washington, 466 U.S. 668, 687–88 (1984)). "Under the first prong of Strickland, a petitioner must demonstrate that counsel's performance 'fell below an objective standard of reasonableness' under prevailing professional norms." Id. (citing Strickland, 466 U.S. at 688). A court's scrutiny of counsel's performance is highly deferential. See Strickland, 466 U.S. at 689–90 (recognizing that "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable

3

professional judgment").

"To satisfy the second prong of Strickland, a petitioner must show 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Brown, 292 F. App'x at 252 (citing Strickland, 466 U.S. at 694). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

## IV.     ANALYSIS

In his Motion to Vacate, Petitioner maintains that (1) his counsel was ineffective during the negotiation of his plea agreement and that his plea agreement is void, and that (2) the court abused its discretion when it accepted this plea. (See ECF No. 1301-1 at 8–9, 10, 15.)

   1. Ineffective Assistance of Counsel: Plea Agreement

Petitioner maintains that his plea agreement is void because it lacked the elements of offer and acceptance, mutual assent, and consideration. (See ECF No. 1301-1 at 4, 9, 10 (adding that "no part of the plea was negotiated, knowingly entered into or voluntary").) Specifically, Petitioner argues that "[t]his was in fact a take or leave plea contract that is nothing short of adhesive and coercive given the fact[] that [he] did not receive the document until 15 minutes prior to the judge coming in to the court . . . ." (Id. at 8, 12 (emphasizing that: "Let it not be lost on this Court or surprising that [he] said he was satisfied with counsel; when coached by counsel, right before taking the plea colloquy, but was told just to 'answer the question by yes and wait till after for any questions to me, [sic] we don't want to upset this Judge'").) Finally, Petitioner adds that what the Government "g[ave] is in most cases, as here, an operation of law, and is owed and therefore cannot be consideration for the purposes of this transaction." (Id. at 15.) The court disagrees.

Upon review, the court finds that Petitioner's claims regarding his plea agreement are

4

without merit. "A plea agreement is 'essentially a contract between an accused and the government' and is therefore subject to interpretation under the principles of contract law." United States v. Davis, 689 F.3d 349, 353 (4th Cir. 2012) (published) (quoting United States v. Lewis, 633 F.3d 262, 269 (4th Cir. 2011)). "'[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled.'" Id. (quoting Santobello v. New York, 404 U.S. 257, 262 (1971)). "And while 'each party should receive the benefit of its bargain,' the government is bound only by the promises it actually made to induce the defendant's plea." Id. (quoting United States v. Dawson, 587 F.3d 640, 645 (4th Cir. 2009)). Importantly, the fact that the government possesses tremendous bargaining power in the negotiation of plea agreements does not in and of itself make a plea agreement unenforceable. See United States v. Williams, 510 F.3d 416, 423 (3d Cir. 2007) (stating that the "government always has leverage, and yet [courts] routinely enforce plea agreements in which defendants waive important constitutional rights, such as the right to appeal"). Petitioner's plea agreement indicates that the Government agreed, *inter alia*, to make a "non-binding recommendation," but did not promise a particular sentence. Cf. Davis, 689 F.3d at 353 (discussing similar plea). The plea agreement states that:

> Provided [Petitioner] cooperates pursuant to the provisions of this Plea Agreement, and that cooperation is deemed by the Government as providing substantial assistance in the investigation or prosecution of another person who has committed an offense, the Government agrees to, at the Defendant's selection, EITHER:
>
> (1) move the Court for a downward departure or reduction of sentence pursuant to the United States Sentencing Guidelines § 5K1.1, Title 18, United States Code, § 3553(e) or Federal Rule of Criminal Procedure 35(b). [Petitioner] understands that any such motion by the Government is not binding upon the Court, and should the Court sentence [Petitioner] within the Guidelines, to the maximum penalty prescribed by law or refuse the sentence imposed, [Petitioner] will have no right to withdraw his plea; OR,

>     (2) withdraw at sentencing the Information previously filed pursuant to 21 U.S.C. § 851 seeking an enhanced minimum penalty based on one prior felony drug conviction.

(See ECF No. 819 at 8.)[1]  Petitioner's plea agreement constitutes a bargained-for exchange in which he agreed to plead guilty, assist the Government, and relinquish certain rights to appeal his sentence – thereby conserving the Government valuable resources.  See United States v. Erwin, 765 F.3d 219, 230 (3d Cir. 2014) (discussing a classic bargained-for exchange).  In return, at Petitioner's sentencing, the Government requested that the court "grant the 5K motion in this case." (ECF No. 1334 at 5.)

The sentencing transcript reveals that while Petitioner did not fully cooperate with the investigation and the terms of his plea agreement, the Government recommended that he receive an eighteen year sentence -- a three year departure from the low end of Petitioner's guideline range of 262–327 months imprisonment – but the court ultimately sentenced him to fifteen years.  (See id. at 6, 27.)  As the Government remarked at sentencing: While "[Petitioner's] cooperation in the initial throws was substantial . . . . it was certainly not without blemish."  (Id. at 10.)  Petitioner lied to investigators and his obstructive behavior could have potentially jeopardized "the heart and core of operational security for these agents who are in the courtroom and their safety in carrying on investigations of this size . . . ."  (Id.)  Despite these "blemishes," the Government stated that:

---

[1] The Presentence Investigation Report ("PSR") indicates that "[b]ased on [Petitioner's] prior felony conviction, [Petitioner] is subject to increased penalties from a minimum of 10 years and a maximum of Life imprisonment, a term of supervised release of at least 5 years, and a fine of $10,000,000.00, to a minimum of 20 years and a maximum of Life imprisonment, a term of supervised release of at least 10 years, and a fine of $20,000,000.00." (ECF No. 1314-3 at 21–22.)

> So, again, there is a 5K filed, Your Honor. This is not something we took lightly at all. It's something we worked with counsel on. But there were other avenues or approaches we could have taken. We could have decided not to honor the plea agreement. We could have decided to argue for obstruction and remove acceptance. That would have radically changed the advisory guideline range that he currently faces now. Instead, we're asking for a departure from the low end of the guideline range. And we're asking for a much smaller departure. And the reason is what I've summarized both in my motion and on the record today. You may ask, counsel may raise, did this affect the investigation? We'll never really know. Did we have successes thereafter? Yes.

(<u>Id.</u> at 14.) Even though Petitioner may now be unsatisfied with his sentence, he was never guaranteed a specific sentence and received the benefit of his bargain – a downward departure. Accordingly, the court finds that Petitioner's plea agreement contained a bargained-for exchange.

Finally, at Petitioner's plea hearing, Petitioner confirmed that he was entering his plea freely, voluntarily, and intelligently. "Solemn declarations in open court carry a strong presumption of verity." <u>Blackledge v.Allison</u>, 431 U.S. 63, 74 (1977). The plea hearing, in relevant parts, went as follows:

> **COURT**: Okay. And before I can accept your plea of guilty, we're going to make sure that it's entered into freely, voluntarily, and intelligently. So I'm going to make several statements to you as well as provide you certain information about your constitutional rights. If at any time during this proceeding you wish to speak with your attorney, just raise your hand and I'll allow you to step aside **so we can make sure that you're comfortable** with everything that is taking place here today. Now, you are under oath. So you must be truthful in your responses. So, while I will assume that you understand everything that I state to you as I present it to you unless you tell me otherwise, I am also going to be able to assume that whatever you're relaying to the Court is truthful. Do you understand that instruction?
>
> **PETITIONER**: Yes, Your Honor.
>
> . . . .

7

**COURT**: Okay. Have you had enough time to speak with your attorney about the nature of the charge, your maximum possible punishment, and your constitutional rights? And what I mean by that is that your attorney has shared with you the allegations in your indictment, the elements of your offense, explained your constitutional rights to you, and let you know about the discovery or evidence that the Government has that it intended to use against you at a trial in this matter?

**PETITIONER**: Yes, ma'am.

**COURT**: Are you satisfied with your attorney's representation?

**PETITIONER**: Yes, Your Honor.

**COURT**: And do you believe your attorney has been responsive to you in terms of any questions you've had and then shared with you any of their legal advice to help you make a decision as to whether or not you should plead guilty or go to trial?

**PETITIONER**: Yes, ma'am.

**COURT**: And again, I offer you that if you need to speak with your attorney at any time during the proceedings, just let the Court know. Do you understand that under the constitution and laws of the United States, you have a right to plead not guilty; and if you plead not guilty, you are entitled to a trial by a jury on the charges contained in the
indictment?

**PETITIONER**: Yes, ma'am.
. . . .

**COURT**: Okay. Now, has anyone been forced or threatened in any way to plead today?

**PETITIONER**: No, ma'am.

**COURT**: Are you doing so of your own free will, meaning on a voluntary basis?

**PETITIONER**: Yes, ma'am.

**COURT**: And are you doing so after you've had enough time to speak with your attorney about your charges, you maximum possible punishment, your constitutional rights, whatever evidence the Government would have against you as well?

8

> **PETITIONER**: Yes, ma'am.
>
> **COURT**: Okay.  All right.  Now, other than what might be in your plea agreement, has anybody promised you anything with respect to this plea?
>
> **PETITIONER**: No, ma'am.
>
> . . . .
>
> **GOVERNMENT**: Your Honor, the defendants also represent to the Court that they've met with their attorneys on a sufficient number of occasions for a sufficient period of time to discuss the defendant's cases and received advice. And that they've entered into this agreement as a matter of their free and voluntary choice and not as a result of pressure **or intimidation by any person**.
>
> . . . .
>
> **COURT**: Okay.  So as to the defendants then, do you agree with the summary of the plea agreement?
>
> **PETITIONER**: Yes, ma'am.

(ECF No. 1252 at 5–6, 14–15, 29–30, 37, 39–40 (emphasis supplied) (demonstrating voluntariness of Petitioner's plea).)  Moreover, at Petitioner's sentencing hearing, Petitioner confirmed his desire to continue to abide by the plea agreement:

> **COURT**: All right.  And in the Presentence Investigation Report for Count 1, conspiracy to possess with intent to distribute cocaine, which you pled to, as well as money laundering on January 13, 2014; is that correct?
>
> **PETITIONER**: That's correct, Your Honor.
>
> **COURT**: And it was pursuant to a written plea agreement. Do you still wish to abide by the agreement?
>
> **PETITIONER**: Yes, Your Honor.

(ECF No. 1334 at 3.)  Petitioner's statements under oath during his plea and sentencing hearing demonstrate that his plea was voluntary.  Accordingly, the court finds that Petitioner's claim is

without merit and that his plea agreement is enforceable.

Similarly, Petitioner's claim of ineffective assistance of counsel is not reconcilable with the plea and sentencing transcript (discussed above) and the sentencing outcome achieved through his counsels' performance. In order to prevail on a claim of ineffective assistance of counsel, Petitioner must show (1) that his counsels' performance fell below an objective standard of reasonableness, and (2) that he was prejudiced. See Strickland, 466 U.S. at 687. "In evaluating a post-guilty plea claim of ineffective assistance of counsel, statements previously made under oath affirming satisfaction with counsel, such as those made by Petitioner here at the Rule 11 hearing, are binding absent 'clear and convincing evidence to the contrary.'" Sanders v. United States, No. 1:08CV199-02, 2008 WL 4279496, at *3 (W.D.N.C. Sept. 12, 2008) (quoting Fields v. Attorney Gen. of Md., 956 F.2d 1290, 1299 (4th Cir. 1985)). As discussed previously, Petitioner's assertions that his counsels were ineffective and that their performance was prejudicial are belied by his statements under oath and the actual resulting sentence. The record indicates that, through his counsels' assistance, Petitioner received a downward departure from his sentence. Accordingly, the court finds that Petitioner's ineffective assistance of counsel claim is without merit.

2. Abuse of Discretion

Petitioner maintains that the court abused its discretion in accepting the plea agreement. The United States Court of Appeals for the Fourth Circuit has held that a criminal defendant may waive the right to appeal his sentence in a plea agreement. See, e.g., United States v. Johnson, 410 F.3d 137, 149–53 (4th Cir. 2004). A waiver-of-appeal provision in a plea agreement is enforceable, so long as it is the result of a knowing and intelligent decision to forgo an appeal. See United States v. Cohen, 459 F.3d 490, 494 (4th Cir. 2006). Such an inquiry is "evaluated by

reference to the totality of the circumstances," though the "determination is often made based on the adequacy of the plea colloquy -- specifically, whether the district court questioned the defendant about the appeal waiver." United States v. Blick, 408 F.3d 162, 169 (4th Cir. 2005). At the plea hearing, the court reviewed with Petitioner whether he understood the rights he was waiving, and confirmed that his plea was voluntary. (See ECF No. 1252 at 27–28 (demonstrating that Petitioner understood he was waiving certain appellate rights).) The Government summarized Petitioner's plea as follows:

> **GOVERNMENT**: All defendants are aware that they have certain rights to contest a conviction or sentence. Acknowledging those rights, the defendants, in exchange for the concessions made by the Government in the plea agreement, waives the right to contest either the conviction or the sentence in any direct appeal or other post-conviction action, including any proceedings under 28 USC Section 2255. This waiver does not apply to claims of ineffective assistance of counsel or prosecutorial misconduct. This plea agreement does not affect the rights or obligations of the government as set forth in 18 USC 3742(b), nor does it limit the Government in it comments in or responses to any post-sentencing matters.
>
> . . . .
>
> **COURT**: So as to the defendants then, do you agree with the summary of the plea agreement?
>
> **PETITIONER**: Yes, ma'am.

(ECF No. 1252 at 37–38, 40.) Because Petitioner's abuse of discretion claim falls within the scope of his valid, appellate waiver, the court finds that Petitioner is barred from raising this claim. Accordingly, Petitioner's claim is dismissed.

## V.     CONCLUSION

Based on the foregoing reasons, the court **DENIES** Petitioner's Motion to Vacate (ECF No. 1301) and **GRANTS** the Government's Motion for Summary Judgment (ECF No. 1373).

**CERTIFICATE OF APPEALABILITY**

A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See, e.g., Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001). In this matter, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, the court **DENIES** the certificate of appealability.

**IT IS SO ORDERED.**

*[Signature: J. Michelle Childs]*

United States District Judge

January 21, 2016
Columbia, South Carolina

12